Tried and submitted October 23, defendant disbarred November 27, rehearing denied December 27, 1923.

## STATE EX REL. *v.* MORRIS A. GOLDSTEIN.

### (220 Pac. 565.)

**Attorney and Client—Findings of Judge Appointed as Referee Entitled to Great Weight.**

1. While the findings of a referee are advisory only, yet when the court in a disbarment proceeding selected a judge of the Circuit Court, because of his high character, wide judicial experience and well-recognized attainments, as referee, his findings are entitled to great weight.

**Attorney and Client—Attorney's Fraud on Court and Client Held to Require Disbarment.**

2. An attorney at law was employed to defend one of two prisoners accused of crime. His office associate who was a professional bondsman had furnished bail for the other prisoner, who departed to parts unknown. To protect the bondsman the attorney, having an agreement with the prosecuting officers that a fine of $500 in the two cases would be satisfactory, pretended to represent both prisoners, entered pleas of guilty and induced the court to fine his client $450 and the escaped defendant $50, though he knew defendant had no money to pay a fine. *Held,* that such fraud on court and client required disbarment.

**Attorney and Client—Duty of Attorney to Client Defined.**

3. An attorney at law is a special agent limited in duty and authority to the vigilant prosecution or defense of the rights of his client, and may not for any cause personal to himself betray the cause of his client.

Original proceeding for disbarment.

In Banc.

DEFENDANT DISBARRED.     REHEARING DENIED.

For the plaintiff, *Mr. Bradley A. Ewers* and *Mr. Hugh Montgomery.*

For the defendant, *Mr. Martin L. Pipes.*

RAND, J.—This is a proceeding instituted by the state on the relation of the members of the Griev-

ance Committee and of the Board of Chancellors of the Multnomah Bar Association, to disbar Morris A. Goldstein, an attorney of this court residing in Portland, for unprofessional conduct.

The information contains two charges. Honorable H. H. BELT, Circuit Judge, was appointed as referee to take and report the testimony and to make findings of fact and conclusions of law and to report the same to this court. After the testimony had been taken before him, Judge BELT found as follows:

"I. That at all of the times mentioned herein and since the year 1910 the above-named defendant, Morris A. Goldstein, was and now is an attorney at law, having been duly admitted to practice law in this state by the Supreme Court of Oregon, and that he resides in the City of Portland, Oregon.

"II. That on the 29th day of June, 1922, in the City of Portland, Multnomah County, Oregon, Tom Dillon, *alias* Edward Brown, and John Goulen were engaged and equally concerned in the common enterprise of the illicit manufacture of intoxicating liquor at the home of Dillon in said city, and on account thereof were, at about 10:30 in the evening of the same day, arrested by the police and confined in the city jail on the charge of manufacturing and having in their possession intoxicating liquor. That within a few hours after said arrest and confinement, one Ted J. Long, who is a professional bondsman, appeared at the city jail, pursuant to notice from some member of the Portland Police Department, whose name Long says he has forgotten, for the purpose of soliciting business in the way of supplying bonds for Goulen and Dillon. That Long furnished cash bail for Goulen, in the sum of $250, and he was thereupon released from custody, but Dillon was unable to give bail and was obliged to remain in jail. That on the morning of the next day, June 30th, the defendant, upon information furnished him by Long, who was his office associate, although not engaged in the practice of the law, went to the city jail and

solicited the business of Dillon as his attorney, and was thereupon employed to represent him in the matter then pending in the Municipal Court, as evidenced by a printed form of contract signed by Dillon. That Goulen after his release disappeared for parts unknown and has not been seen since by Long or the defendant Goldstein, although diligent search has been made to locate him. On the morning of June 30th, the defendant, as attorney for Dillon, advised him that it would be necessary, in his opinion, to have a jury trial, and Dillon's wife finally succeeded in borrowing $12 from a friend to cover the trial fee. That it was thereafter determined by the defendant and his client Dillon to move for a continuance of the case and the same was, with the knowledge and consent of Dillon, continued until the 11th day of July, 1922. That after a conference between the defendant and the arresting officers and Deputy City Attorneys, it was agreed that a fine of $500 would be recommended to Hon. W. A. Ekwall, Judge of the Municipal Court, as a proper disposition of the cases pending against Goulen and Dillon. That on the 11th day of July the defendant, in open court, entered a plea of guilty for Dillon and Goulen, and, pursuant to said understanding and agreement, recommended to the court that Dillon, his client, be fined $450, and that Goulen be fined $50, which recommendation was followed by the court and sentence was pronounced accordingly. That at the time of making said recommendation to the court said defendant knew, or had reasonable ground for believing that his client was unable to pay the same and would be obliged to serve the sentence in jail. That defendant at said time was not nor never had been employed to represent Goulen as his attorney, and has in fact never seen Goulen. That said defendant, prior thereto and at said time, knew that Goulen had forfeited his bail and was a fugitive from justice, and was not within the jurisdiction of the court. That Dillon knew and consented to the defendant entering a plea of guilty for him, but did not know nor agree that Goulen was to be fined only in the sum

of $50, and had reason to believe that the fines would at least be equal. That the defendant herein was at all times solicitous for the welfare of his associate Long, but acted in utter disregard of the rights of his client Dillon, whom he was employed to protect. That said defendant entered pleas of guilty, as above stated, for the purpose of protecting Long, the surety on Goulen's bond. That after sentence was imposed, Long paid Goulen's fine of $50, and drew down the balance of the bail money, viz., $200. That under all the facts and circumstances of this case, the defendant perpetrated a fraud upon the Judge of the Municipal Court, in that he failed to disclose the fact that he had no authority to enter a plea of guilty for Goulen, or to represent him at all, and failed to advise the court that Goulen was a fugitive from justice, and not within the jurisdiction of said court, and that Goulen and Dillon were at least equally concerned in the commission of the crime in question. Goldstein was employed and paid to protect the interests of Dillon, not Goulen or Long.

"Your referee further finds that it is not established by clear and convincing proof that the defendant caused the name of Ted Long to be inserted in the Portland telephone directory as an attorney at law, knowing him not to be such, although it may be said that the evidence preponderates by a slight degree against him in this respect. Your referee, however, in a matter of this grave concern to the defendant, is inclined to give him the benefit of the doubt, and, therefore, finds that the name of Ted J. Long was inserted in said directory through inadvertence and mistake on the part of the telephone company."

And as conclusions of law:

"I. That the above-named defendant, Morris A. Goldstein, is guilty of willful deceit and misconduct in his profession, in that he sacrificed the interest of his client to protect his associate Long, who was surety on Goulen's bond.

"II. That said defendant is guilty of failing to maintain the respect due to the Courts of Justice and the Judicial Officers thereof, in that he practiced fraud and deception on the Judge of the Municipal Court of Portland, as above stated."

1–3. The defendant moves to set aside certain of these findings and that the court make and adopt certain other findings in lieu of some of those found by the referee. The cause has been fully argued and submitted on said motion and on the merits, and is now before us for final decision. While the findings of the referee are advisory only, yet when a judge of the Circuit Court, because of his high character, wide judicial experience and well-recognized legal attainments, has been selected by this court to take and report the testimony, together with his findings and conclusions of law, his findings are entitled to great weight. But notwithstanding this and because of the seriousness of the charge and the grave consequences that will result to the defendant from the adoption by us of these findings, we have considered with great care all of the testimony adduced upon the trial and we find that the findings of the referee are established by clear and convincing testimony. We are firmly convinced from the testimony that the defendant Goldstein has been guilty of unprofessional conduct as was found by the referee and we can find no testimony in the record that would justify us in setting aside or modifying these findings, and we have therefore adopted the same *in toto.*

"An attorney at law," says Mr. Thornton, "is a special agent limited in duty and authority to the vigilant prosecution or defense of the rights of his client." 1 Thornton on Attorneys, § 12.

The relation between an attorney and his client, in the conduct of the business of the client, imposes upon the attorney the most sacred trust that can exist in a business way between individuals. An attorney is never permitted for any cause, personal to himself, to betray the cause of his client. In this state an attorney at law is by statute (Section 1076, Or. L.) a public officer. The statute declares it to be his duty in maintaining the causes confided to him to employ such means only as are consistent with truth and never to seek to mislead the court or jury by any artifice or false statement of law or fact, and upon his admission to the bar, he binds himself by oath to support the Constitution and laws of the United States and of this state, and to faithfully and honorably demean himself in office. The courts would be recreant to the duty they owe to the public should they excuse or overlook the betrayal by an attorney of the interest of his client for reasons personal to himself, as manifestly was done by the defendant in this case.

To the credit of the legal profession it can truthfully be said that in all the intricacies of human life, all matters, business, domestic and social, are entrusted by clients to lawyers and secrets, some of them the most damaging to the client, are unreservedly disclosed in absolute confidence by clients to lawyers. In a profession so essential to the welfare of the public, the ethics of which are so well-recognized and observed, this defendant clearly ought not to be permitted to take part.

It is therefore ordered and adjudged by the court that Morris A. Goldstein be and is hereby disbarred from practice in any of the courts of this state and

that his name be stricken from the roll of attorneys of this court.

DEFENDANT DISBARRED.    REHEARING DENIED.

BURNETT, J., not sitting.